IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Luis Luhring-Arizmendi, Rocío Badillo Luhring, and the Conjugal Partnership comprised by them**<br><br>    **Plaintiffs**<br><br>    v.<br><br>**Signature Flight Support, Eddie Cabrera**<br><br>    **Defendants** | **CIVIL NO.**<br><br>**EMPLOYMENT**<br><br>**DISCRIMINATION**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. NATURE OF ACTION

1. This is an action to redress violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"). Also, under 28 USC § 1367 this Court has supplemental jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq.; Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively, seeking compensatory, double and liquidated damages, severance pay, back pay, and equitable and injunctive relief to seek redress for Defendant's unlawful employment termination, and defendant's discriminatory practices against Plaintiff Luhring-Arizmendi on the basis of his age.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 633(a) of the ADEA, 29 U.S.C. § 633(a).

3. Under 28 USC § 1367 this Court has supplemental jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq.; Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

5. Venue is appropriate as the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Puerto Rico

**III. PARTIES**

6. Luis Luhring-Arizmendi (hereinafter Luhring-Arizmendi) is a seventy-one (71) years old American citizen, married and resident of Guaynabo, Puerto Rico.  Since August 1, 2007, Luhring-Arizmendi acted as General Manager for Tropical Aviation Corp. (hereinafter Tropical Aviation), a fixed based operator company engaged in providing essential support services for business and private aviation, including refueling, hangarage, and a variety of other amenities essential to the safe and efficient operation of an aircraft.  Tropical Aviation's operations were located in the Fernando Luis Ribas Dominicci Airport in San Juan, Puerto Rico.

7. Rocío Badillo Luhring (hereinafter Badillo Luhring) is American citizen, of legal age, married and resident of Guaynabo, Puerto Rico.   Since 1965  Badillo Luhring and Luhring-

Arizmendi married and formed the conjugal partnership Luhring-Badillo which is also included as a party to the present complaint.

8. Signature Flight Support (hereinafter SFS) is the world's largest fixed based operator company based in 201 South Orange Ave., Suite 1100-S Orlando, FL 32801. Currently, SFS has over one hundred (100) locations worldwide. On July 16, 2011, SFS acquired Tropical Aviation in order to establish an operations hub in San Juan. After the acquisition, the operations groups and positions relevant to this action continued to exist. SFS also continued to employ former Tropical Aviation personnel, including Luhring-Arizmendi as General Manager.

9. On or about January 8, 2012, Eddie Cabrera (hereinafter Cabrera), an SFS employee based in Orlando, Florida, was relocated to Puerto Rico in order to work as Duty Manager under the supervision of Luhring-Arizmendi. After Luhring-Arizmendi's dismissal from employment, Cabrera took over his position and duties as General Manager.

10. ABC INSURANCE, INC., is an insurance company whose real name is unknown at this time, that had issued an insurance policy to respond for the risk detailed in this complaint.

11. JOHN DOE and JANE DOE, are natural or legal entities, whose real names are unknown at this time, whom are liable to the plaintiff for the damages suffered as a result of the negligent acts or omissions described in the complaint.

12. At all relevant times, SFS has continuously done business in Puerto Rico, and has continuously had at least twenty (20) employees.

13. At all relevant times, SFS has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## IV. ADMINISTRATIVE PROCEEDINGS

14. On October 23, 2012, prior to the institution of this lawsuit, Luhring-Arizmendi filed Charge No. 515-2013-00047 with the Equal Employment Opportunity Commission (hereinafter EEOC) alleging violations of ADEA. After a thorough investigation, on February 10, 2014, issued a Letter of Determination finding that Luhring-Arizmendi was discharged from his employment because of his age. Finally, on March 17, 2014, the EEOC issued a Notice of Right to Sue (Conciliation Failure), therefore, all conditions precedent to the institution of this lawsuit has been fulfilled.

## V. STATEMENT OF FACTS

15. Tropical Aviation was a fixed based operator company engaged in providing essential support services for business and private aviation, including refueling, hangarage, and a variety of other amenities essential to the safe and efficient operation of an aircraft. Tropical Aviation's operations were located in the Fernando Luis Ribas Dominicci Airport in San Juan, Puerto Rico.

16. Since August 1, 2007, Luhring-Arizmendi acted as President of Tropical Aviation with a five percent (5%) ownership of the corporation. Luhring-Arizmendi was in charge of oversight of all of the operations, client relations and the supervision fourteen (14) employees and two (2) independent contractors. At that point in time, Luhring-Arizmendi had a compensation package of one hundred thirty thousand dollars ($130,000.00) per year.

17. On July 16, 2011, SFS acquired Tropical Aviation in order to establish an operations hub in the Fernando Luis Ribas Dominicci Airport in San Juan, Puerto Rico. After the acquisition, the operations groups and positions relevant to this action continued to exist. SFS also continued to employ former Tropical Aviation personnel, including Luhring-Arizmendi as General Manager.

18. As General Manager for SFS, Luhring-Arizmendi was in charge of oversight of all of the operations, client relations and the supervision fourteen (14) employees and two (2) independent contractors. At that point in time, Luhring-Arizmendi continued to have a compensation package of approximately one hundred thirty thousand dollars ($130,000.00) per year.

19. On or about July 2011, Mr. Byron Grey SFS Area Manager for the southeast region started making remarks about Luhring-Arizmendi's age and the need to find someone to replace him. By the same token, after an official meeting with personnel from the Puerto Rico Ports Authority (hereinafter PRPA) regarding the negotiations of a lease contract with PRPA Mrs. María Sastre, SFS Chief Operating Officer, clearly unsatisfied with the outcome of the meeting blamed Luhring-Arizmendi made derogatory and discriminatory remarks directly to him describing him as an *old fart* ("viejo chocho").

20. On January 8, 2012, Mr. Eddie Cabrera reported to SFS facilities in San Juan as Duty Manager allegedly under the supervision of Luhring-Arizmendi. Nonetheless, since his arrival Cabrera made remarks to SFS clients and personnel, as well as, other persons associated with the aviation industry in Puerto Rico, that he was appointed to the San Juan hub in order to substitute Luhring-Arizmendi due to his old age. Cabrera is about thirty (30) years younger than Luhring-Arizmendi.

21. After Cabrera's arrival, the work environment in SFS's facilities in Puerto Rico changed for the worse. Cabrera started abrogating responsibilities inherent to Luhring-Arizmendi's position as General Manager. On several occasions Cabrera inquired Luhring-Arizmendi about why a man of his age continued working. Cabrera also continued discrediting Luhring-Arizmendi before SFS's employees, clients and airport personnel and making

derogatory remarks due to his old age. Eventually, Cabrera abrogated all of Luhring-Arizmendi's duties and managerial obligations.

22. On October 12, 2012, Mr. Mike French, SFS Regional Vice President, sent an email to Luhring-Arizmendi informing that on October 15, 2012 he was going to arrive in Puerto Rico alongside Mrs. Marsha Cox, head of SFS Human Resources Department, and that they need him to pick them up at their hotel the next day in the morning. On the morning of October 16, 2012, Luhring-Arizmendi went to pick up French and Cox to their hotel. After greeting him, French informed Luhring-Arizmendi *"I came to Puerto Rico to terminate you."* After dismissing Luhring-Arizmendi, SFS appointed Cabrera, a considerable younger and less qualified employee, as his successor as General Manager of the Puerto Rico hub.

23. After his termination from employment, on October 16, 2012 Luhring-Arizmendi filed a Charge of Discrimination on the basis of age before the EEOC. As a result of the investigation conducted, the EEOC issued a letter of determination concluding that SFS incurred in discriminatory acts towards Luhring-Arizmendi on the basis of his age in violation of the ADEA.

24. As a result of the discriminatory animus towards Luhring-Arizmendi during the course of his employment with SFS, he developed a severe depression that required hospitalization and continued treatment by mental health professionals. To this date Luhring-Arizmendi continues receiving treatment for his emotional condition.

25. Consequent to Luhring-Arizmendi's termination from employment, plaintiffs suffered, and continue to suffer, loss of income, mental anguish and emotional distress.

## VI. STATEMENT OF CLAIMS

26. Paragraphs 1 through 25 are incorporated herein. Defendants discriminated against Luhring-Arizmendi on the basis of his age in regard to his terms and conditions of employment by a pattern of discriminatory and derogatory comments and actions that ended in effectively terminating him from employment, in violation of 29 U.S.C. §621 et seq. ("ADEA")

27. Paragraphs 1 through 25 are incorporated herein. The acts and/or omissions describe jurisdiction over the causes of action arising under the laws of the Commonwealth of Puerto Rico: Law Number 100 of June 30, 1959, 29 P.R.L.A. § 146 et seq.; Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142, respectively.

28. The unlawful employment practices complained of in paragraphs 1 to 25 resulted in plaintiffs Luhring-Arizmendi and Badillo Luhring suffering emotional pain, mental anguish, suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary damages.

29. The unlawful employment practices complained of in paragraphs 1 to 25 were intentional and caused all plaintiffs to lose earnings, compensation, benefits and income including, but not limited to, back-pay, front pay and severance compensation.

30. The unlawful employment practices complained of in paragraphs 1 to 25 were intentionally done with malice and/or reckless indifference to the federally protected rights of Luhring-Arizmendi.

31. The unlawful employment practices complained of in paragraphs 1 to 25 were intentionally done with malice and/or reckless indifference to the protected rights of Luhring-Arizmendi under Puerto Rico Law.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court:

26. Grant a permanent injunction enjoining SFS, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of their age in regard to his terms and

27. Order defendants to make whole Luhring-Arizmendi by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement of Luhring-Arizmendi or awarding front pay if not feasible;

28. Order defendants to make whole Luhring-Arizmendi by providing compensation for past and future pecuniary loss, including appropriate back pay and benefits with prejudgment interest and all out-of-pocket expenses, in amounts not less than four hundred and eleven thousand three hundred and fifty dollars ($411,350.00);

29. Order defendants to make whole plaintiffs by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 1 to 25 above, including emotional and physical pain, suffering and mental anguish, and loss of income in an amount not less than four million dollars (4,000,000.00);

30. Order defendants to pay Luhring-Arizmendi punitive damages for its malicious and reckless conduct, as described in paragraphs 1 to 25 above, in amounts to be determined at trial;

31. Order defendants to pay Luhring-Arizmendi severance payment as a result of wrongful termination from employment in a amount not less than fifty seven thousand four hundred seventy five dollars ($57,475.00).

32. Order defendants to pay Badillo Luhring by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 1 to 25 above, including emotional and physical pain, suffering and mental anguish, in an amount not less than five hundred thousand dollars (500,000.00); and/or

33. Award the plaintiffs their costs in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of June 2014.

**NOTICE OF ELECTRONIC FILING**

**WE HEREBY CERTIFY**: That on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which well send notification of such filing to all attorneys of record.

<u>S/ IVAN APONTE-GONZALEZ</u>
IVAN APONTE-GONZALEZ
USDC-PR NO. 216803
ia@gaqlaw.com


<u>S/IVAN GARCIA-ZAPATA</u>
IVAN GARCIA-ZAPATA
USDC-PR NO. 219108
igz@gaqlaw.com


MIRAMAR PLAZA SUITE 702
954 PONCE DE LEON AVE.
SAN JUAN, PUERTO RICO
TEL. 787-300-2811
FAX. 787-300-2814