IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS LUHRING-ARIZMENDI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNATURE FLIGHT SUPPORT, *et al*., <br><br> Defendants. | **Civil No. 14-1474 (SEC)** |

**OPINION & ORDER**

Pending before the Court is Defendants Signature Flight Support (SFS) and Eddie Cabrera's (Cabrera) Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). See Docket # 9. Plaintiffs Luis Luhring Arizmendi, Rocío Badillo Luhring, and their Conjugal Partnership (collectively, Plaintiffs) filed their response in opposition, and Defendants replied. See Docket ## 11 & 13. For the reasons that follow, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**Factual and Procedural Background**

For almost a decade, Plaintiff Luis Luhring Arizmendi (Luhring) acted as President of Tropical Aviation Corp. (Tropical Aviation), a fixed-base operator company[1] that provided a variety of services for the "safe and efficient operation of an aircraft." Docket # 1 at ¶ 6. Luhring supervised fourteen employees and two independent contractors, oversaw all operations, and handled client relations for Tropical Aviation. Id. at ¶ 16. On July 16, 2011, Signature Flight Support (SFS) – the

---

[1] A fixed base operator is a "commercial business granted the right by the airport sponsor to operate on an airport and provide aeronautical services such as fueling, hangaring, tie-down and parking, aircraft rental, aircraft maintenance, flight instruction, etc." Federal Aviation Administration, "Advisory Circular 150/5190-7: Minimum Standards for Commercial Aeronautical Activities", 28 August 2006, p. 13; available at http://www.faa.gov/documentLibrary/media/advisory_circular/150-5190-7/150_5190_7.pdf

"world's largest" fixed-base operator, acquired Tropical Aviation in order to "establish an operations hub in San Juan." Id. at ¶ 8. Despite the acquisition, SFS continued "to employ former Tropical Aviation personnel, including [Luhring] as General Manager." Id. Luhring's job duties and salary as General Manager of SFS remained largely the same as when he was President of Tropical Aviation.

Luhring alleges that shortly after the acquisition, he started being harassed on account of his age. For instance, Byron Grey, an SFS Area Manager for the southeast region, "started making remarks about Luhring-Arizmendi's age and the need to find someone to replace him." Id. at ¶ 19. The complaint does not specify what these remarks were, or to whom they were made. But, along the same vein, SFS Chief Operating Officer Maria Sastre allegedly told Luhring directly that he was an "old fart (*viejo chocho*)" because she understood he had botched the negotiation of a lease contract with the Puerto Rico Ports Authority. Id.

Almost six months after SFS acquired Tropical Aviation, an SFS employee, Eddie Cabrera (Cabrera), was relocated to Puerto Rico in order to work as Duty Manager under the supervision of Luhring-Arizmendi. Id. at ¶ 9. Luhring was approximately thirty years older than Cabrera. From the moment Cabrera arrived in Puerto Rico, Luhring complains that he "made remarks to SFS clients and personnel, as well as, other persons associated with the aviation industry in Puerto Rico, that he was appointed to the San Juan hub in order to substitute Luhring-Arizmendi due to his old age." Id. at ¶ 20. These remarks would later prove to be clairvoyant.

"On October 12, 2012, Mr. Mike French, SFS Regional Vice President, sent an email to [Luhring] informing that on October 15, 2012 he was going to arrive in Puerto Rico alongside Marsha Cox, head of SFS Human Resources Department, and that they need him to pick them up at their hotel the next day in the morning." Id. at ¶ 22. Four days later, Luhring went to pick up French and Cox from their hotel. Lurhring alleges that just after greeting them, French flatly stated that his purpose for visiting the island

was to "terminate" Luhring. Id. SFS subsequently appointed Cabrera as Luhring's successor.

Shortly thereafter, Luhring filed an administrative charge of age discrimination before the EEOC. After conducting its investigation, the EEOC found that age played an impermissible role in Luhring's discharge. After receiving the right-to-sue letter, Plaintiffs filed this action alleging that SFS violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), and also included various causes of action under state law.[2]

### Standard of Law

Review of pleadings under Rule 12(b)(6) entails a two-step process. The court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements…[,][and then] take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 7, 11–13 (1st Cir. 2011)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Iqbal, 556 U.S. at 681).

### Applicable Law and Analysis

Defendants now move to dismiss the complaint. They first argue that Plaintiffs' claims against co-defendant Cabrera should be dismissed because there is no individual liability under the ADEA. Second, they argue that this entire case should be dismissed because Plaintiffs did not properly exhaust their administrative remedies before filing suit here. In turn, Plaintiffs agree that there is no individual liability under the ADEA, and offer to dismiss all of their claims against Cabrera without prejudice.

---

[2] To wit: Law Number 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 et seq.; Puerto Rico's Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185a et seq. 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142.

They further argue that they exhausted all available administrative remedies against co-defendants. The Court shall address each argument *seriatim*.

A. Individual Liability under ADEA

While the First Circuit has not addressed this issue directly, it is "virtually impossible to imagine that the Court of Appeals would read the ADEA to contemplate individual liability." Gascard v. Franklin Pierce Univ., No. 14-CV-220-JL, 2015 WL 1097485, at *7 (D.N.H. Mar. 11, 2015)(citing Correa–Ruiz v. Fortuno, 573 F.3d 1, 8 (1st Cir. 2009) (accepting as uncontested that "there is no individual liability under the ADEA")). This is because the First Circuit has already held that there is no such liability under either the Americans with Disabilities Act (ADA) or under Title VII of the Civil Rights Act, which share significant similarity with the ADEA in terms of text and structure. See Roman–Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 52 (1st Cir. 2011) (ADA); Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009) (Title VII). Further, the vast majority of circuits who have considered the issue have held that there is no individual liability under this statute. Gascard, 2015 WL 1097485 at *7 (collecting cases).

Plaintiffs do not attempt to swim against the current, but rather offer to dismiss all claims against Cabrera without prejudice so that they may pursue them in state court. The Court has no problem acceding to that request, at least with respect to Plaintiff's state law claims against Cabrera. But the ADEA claim is a different matter. This is because Defendants have already filed their answer, and they correctly insist that the ADEA claim must be dismissed with prejudice. See Fed. R. Civ. P. 41(a)(2) (stating that, after a party has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Thus, Defendants' motion to dismiss the ADEA claim with prejudice against Cabrera is hereby **GRANTED**. Further, the Court will enter judgment as to the rest of Plaintiffs' claims against Cabrera without prejudice.

B. Administrative Exhaustion

Defendants next argue that the complaint must be dismissed because Plaintiffs did not exhaust their administrative remedies before filing suit. See Tapia-Tapia v. Potter, 322 F.3d 742, 744 (1st Cir. 2003) (administrative exhaustion is a precondition to suit, and "such compliance must occur before a federal court can entertain a suit that seeks recovery" under the ADEA). Specifically, Defendants say that when Luhring filed his EEOC charge, he included "Signature Flight Puerto Rico, Inc." (SFPR) as his employer and only respondent. The problem, say Defendants, is that SFPR is "distinct and separate corporate entity" from SFS. See Docket # 9 at 6. Cabrera, in addition, was also omitted from the EEOC charge.

The general rule is that "a person not named in the EEOC charge" is not subject to suit. Adorno-Rosado v. Wackenhut Puerto Rico, Inc., 98 F. Supp. 2d 181, 184 (D.P.R. 2000) (discussing exhaustion under Title VII). Further, ADEA's regulations require EEOC charges to specify the "name and address" of the person against whom the charge is made. 29 C.F.R. §§ 1626.8(b) and 1626.6. Thus, because Luhring did not name SFS and Cabrera as respondents in the EEOC charge, Defendants conclude that Plaintiffs have not properly exhausted their administrative remedies.

Plaintiffs counter these contentions with a letter from Marsha Cox, head of SFS Human Resources Department, stating as follows:

> This letter confirms the discussions on October 16, 2012, in which I expressed the intent of Signature Flight Support Corporation ("Signature" or "Company") to separate your employment with Signature under the following terms and conditions.

See Docket # 11-2. At the very least, this letter shows inequivocally that Luhring was employed by SFS. The Court is not entirely sure, then, why Luhring neglected to bring SFS and Cabrera in his EEOC complaint.

As it stands, Plaintiffs have failed to show that they have exhausted their administrative remedies against the Defendants. Nevertheless, the letter issued by Cox gives the Court pause, particularly because "several exceptions have been recognized

as sufficient to confer jurisdiction over defendants in a civil action who were not named in the EEOC charges." Curran v. Portland Super. Sch. Committee, 435 F.Supp. 1063 (D.Maine 1977)(cited with approval in McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505 (1st Cir. 1996)). These are:

> (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action;
> (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and
> (3) if the defendant is an "indispensable party" under Fed.R.Civ.P. 19 in order to accord complete relief to the parties.

Curran, 435 F.Supp. at 1074. While Defendants correctly argue that Plaintiff cannot rely on extrinsic materials to supplement his complaint, the Court finds that Plaintiff's failures can be cured by amendment. Because Cox's letter tends to show that at least one of these exceptions applies in this case, the Court shall grant Plaintiff an opportunity to amend his complaint and correct this omission. See Fed. R. Civ. P. 15(a)(2)(stating that the Court should freely give leave to amend "when justice so requires").

### Conclusion

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss. Plaintiffs' ADEA claims against Cabrera shall be dismissed with prejudice, and their state law claims against Cabrera shall be dismissed without prejudice. Further, Plaintiffs are hereby granted until **October 13, 2015** to amend their complaint and incorporate factual allegations sufficient to plausibly infer that any of the three exceptions to the general rule invoked by Defendants applies in this case.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge